# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL HOSEA MCCORVEY, SR., <br>     No. 2440109, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:17-cv-00877 <br> CHIEF JUDGE CRENSHAW |
| v. | ) <br> ) | |
| PRISON TRANSPORT SERVICES OF <br> AMERICA, LLC, *et al.*, | ) <br> ) <br> ) | |
|     Defendants. | ) | |

## MEMORANDUM

Michael Hosea McCorvey, Sr., an inmate of the Orleans Parish Prison in New Orleans, Louisiana, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 alleging that Prison Transport Services of America, LLC (PTS), the as-yet identified President of PTS, Officer f/n/u Jordan, and Officer f/n/u Davison violated the Plaintiff's civil rights while transporting him from South Carolina to Louisiana. (Doc. Nos. 10 and 17).

The Plaintiff initially filed this case in the United States District Court for the Eastern District of Louisiana. After granting the Plaintiff *in forma pauperis* status, the Honorable Jay C. Zainey dismissed some of the Plaintiff's claims and severed and transferred the remaining Defendants and claims case to this district by Order entered on May 23, 2017. (Doc. No. 20). The Order expressly stated that "no ruling is made as to the sufficiency of the complaint with respect to the claims that have been severed and transferred to the Middle District of Tennessee, Nashville Division, leaving that determination to the receiving court." (Id. at 1).

Accordingly, the Plaintiff's remaining claims and defendants are before the Court at this time

1

for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

The complaint alleges that, in October of 2016, the Plaintiff was extradited from the Anderson County Detention Center in Anderson, South Carolina, to the Orleans Justice Center in New Orleans, Louisiana. He was transported in a van operated by PTS. According to the complaint, the Plaintiff was subjected to unconstitutional conditions of confinement during the seven-day journey. Specifically, the complaint alleges that the van was overcrowded and he was "not able to take baths, or take care of personal hygiene for days." (Doc. No. 6-1 at 10). Except for periodic bathroom breaks, the Plaintiff was on the van continuously for five days of the circuitous seven day trip; the van stopped for only one overnight break on the fifth day.

The complaint further alleges that the van was involved in an "almost fatal accident" in

Atlanta, Georgia, where the van driver hit another vehicle. (Doc. No. 17 at 1). The complaint alleges that the Plaintiff suffered a leg injury, loss of balance, and a painful ear infection during the trip. (Doc. No. 6-1 at 10). Additionally, the Plaintiff has developed arthritis in his right leg after the trip. (Id.) The Plaintiff received medical attention for both his leg injury and ear problem upon his arrival in New Orleans but not until then. (Id.)

IV. **Analysis**

The Eighth Amendment's Cruel and Unusual Punishment Clause requires prison officials to ensure the "reasonable safety" of inmates. See Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pre-trial detainees. Ingraham v. Wright, 430 U.S. 651, 664, 97 S. Ct. 1401, 51 L.Ed.2d 711 (1977). It is unclear from the present record whether the Plaintiff was a pre-trial detainee at the time of his transport from South Carolina to Louisiana. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pre-trial detainees with rights analogous to those under the Eighth Amendment. See Watkins v. City of Battle Creek, 273 F.3d 682, 685 (6th Cir. 2001).

The Constitution does not protect pre-trial detainees or prisoners from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes, 101 S.Ct. 2400. It necessarily follows, then, that a pre-trial detainee or prisoner has not been subjected to cruel and unusual punishment simply because he has been made to feel uncomfortable during the course of a transfer from one prison to another. See Waller v. Transcor Am., 2007 WL 3023827, at *6 (M.D. Tenn. Oct. 11, 2007)(citing

Woods v. Edwards, 51 F.3d 577, 581 (5th Cir.1995) (a prisoner's mere discomfort, without more, does not offend the Eighth Amendment)).

However, Plaintiff here alleges that he suffered more than mere discomfort while being transported from one location to another. He alleges that officers, acting pursuant to policies and customs of PTS, crammed too many prisoners in the back of their transport van and did not take sufficient breaks en route, creating unsafe and unsanitary conditions for the drivers and occupants and resulting in specific injuries and physical harm to Plaintiff following an automobile accident and a seven-day journey. After notifying the Defendants of his injuries and ailments, Plaintiff contends that the Defendants required him to wait until their arrival in New Orleans for medical treatment. For purposes of the required PLRA screening, the Court finds that the complaint states colorable Eighth or Fourteenth Amendment claims[1] against the Defendants.

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Brooks v. Celeste, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); Westlake v. Lucas, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976); see also Estelle, 429 U.S. at 105-06.

A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of a Constitutional violation. Estelle, 429 U.S. at 107. Further, where a prisoner has received some

---

[1]As noted above, because it is unclear from the present record whether the Plaintiff was a pre-trial detainee or convicted prisoner at the time of his transport, the Court is unable to determine at this time whether the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment applies.

medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. Westlake, 537 F.2d at 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. See Thaddeus-X v. Blatter, 175 F.3d 378, 401 (6th Cir. 1999).

Based on Plaintiff's allegations, the Court finds that Plaintiff states colorable claims against the Defendants under § 1983 for the failure to provide medical treatment before arriving in New Orleans. These claims, together with Plaintiff's conditions of confinement claims, will be permitted to proceed for further development.

**V.  Conclusion**

As set forth above, the Court finds that the complaint states colorable conditions of confinement claims and failure to provide medical treatment claims pursuant to 42 U.S.C. § 1983. The case will proceed as to these claims against all Defendants because it is unclear at this time whether the individual Defendants acted pursuant to a policy and custom created and/or implemented by PTS and its President.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE